FILED - WESTERN DIVISION
CLERK, U.S. DISTRICT COURT

MAY 1 2 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| VINCENT JAMES YOUNG,<br><br>                    Petitioner,<br><br>     v.<br><br>R.J. SUBIA, Warden,<br><br>                    Respondent. | No. CV 07-5517-SGL  (AGR)<br><br>ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |

Pursuant 28 U.S.C. § 636, the Court has reviewed the entire file de novo, including the Petition, all the records and files herein, the Magistrate Judge's Report and Recommendation, and the objections to the Report and Recommendation that have been filed herein.  Having made a de novo determination, the Court agrees with the recommendation of the Magistrate Judge.

IT IS ORDERED that Judgment be entered denying the Petition.

DATED:  _1-10-08_

_____
STEPHEN G. LARSON
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| VINCENT JAMES YOUNG, | ) | NO. CV 07-5517-SGL (AGR) |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | REPORT AND |
| R.J. SUBIA, Warden, | ) | RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| Respondent. | ) | |
| | ) | |

The Court submits this Report and Recommendation to the Honorable Stephen G. Larson, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order No. 05-07 of the United States District Court for the Central District of California. For the reasons set forth below, the Magistrate Judge recommends the Petition for Writ of Habeas Corpus be denied.

///

///

///

///

///

///

# I.

## SUMMARY OF PROCEEDINGS

On April 19, 2004, a Los Angeles County Superior Court jury convicted Petitioner of first degree burglary.  (Petition at 2; Lodged Document ("LD") 7 at 198.)  On July 1, 2005, the court sentenced Petitioner to 9 years in prison under California's Three Strikes Law, having found a prior felony conviction for burglary in Arizona to be true.  (LD 8 at 1699-1709; LD 7 at 292.)  On September 11, 2006, the California Court of Appeal affirmed Petitioner's conviction.  (LD 4.)  On November 15, 2006, the California Supreme Court denied review without explanation  (LD 6.)

Pursuant to 28 U.S.C. § 2254, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody in this Court on August 23, 2007, in which his single ground for relief was that the trial court violated his due process rights by not striking his prior felony conviction. (Petition at 5.)  Respondent filed an answer on October 12, 2007, admitting exhaustion and timeliness.  (Answer at 1.)  Petitioner filed a reply on November 5, 2007.

This matter was taken under submission and is now ready for decision.

# II.

## STATEMENT OF FACTS

Below are the facts set forth in the California Court of Appeal decision on direct review.  To the extent an evaluation of Petitioner's claims for relief depends on an examination of the record, the Court has made an independent evaluation of the record specific to Petitioner's claims for relief.

> In the early morning of June 11, 2003, Sari Taicher and Todd
> Wilkinson awakened to discover their home had been burglarized.
> The living room window was open, its screen was missing and
> various items were gone, including two laptop computers and
> Taicher's handbag. Police recovered the window screen from a

1   dumpster and lifted Young's fingerprint from the trim. Young was
2   arrested and his apartment was searched yielding Taicher's handbag
3   containing her business cards and a receipt in Wilkinson's name.
4   Days after the burglary, one of Young's roommates noticed in
5   Young's possession a laptop computer that she had never before
6   seen in the apartment. Young offered to sell her the computer and, at
7   some point, lamented that he should have obtained the "plug" for it.
8   (LD 4 at 2.)

9                                 III.

10                      **STANDARD OF REVIEW**

11         A federal court may not grant a petition for writ of habeas corpus by a
12   person in state custody with respect to any claim that was adjudicated on the
13   merits in state court unless it (1) "resulted in a decision that was contrary to, or
14   involved an unreasonable application of, clearly established Federal law, as
15   determined by the Supreme Court of the United States"; or (2) "resulted in a
16   decision that was based on an unreasonable determination of the facts in light of
17   the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d);
18   *Woodford v. Visciotti*, 537 U.S. 19, 21, 123 S. Ct. 357, 154 L. Ed. 2d 279 (2002)
19   (per curiam).

20         "'[C]learly established Federal law' . . . is the governing legal principle or
21   principles set forth by the Supreme Court at the time the state court rendered its
22   decision."  *Lockyer v. Andrade*, 538 U.S. 63, 71-72, 123 S. Ct. 1166, 155 L. Ed.
23   2d 144 (2003).  A state court's decision is "contrary to" clearly established
24   Federal law if (1) it applies a rule that contradicts governing Supreme Court law;
25   or (2) it "confronts a set of facts . . . materially indistinguishable" from a decision
26   of the Supreme Court but reaches a different result. *Early v. Packer*, 537 U.S. 3,
27   8, 123 S. Ct. 362, 154 L. Ed. 2d 263 (2002).
28   ///

                                     3

1    Under the "unreasonable application prong" of section 2254(d)(1), a federal

2  court may grant habeas relief "based on the application of a governing legal

3  principle to a set of facts different from those of the case in which the principle

4  was announced." *Lockyer*, 538 U.S. at 76; *see also Woodford*, 537 U.S. at 24-26

5  (state court decision "involves an unreasonable application" of clearly established

6  federal law if it identifies the correct governing Supreme Court law but

7  unreasonably applies the law to the facts).

8    A state court's decision "involves an unreasonable application of [Supreme

9  Court] precedent if the state court either unreasonably extends a legal principle . .

10  . to a new context where it should not apply, or unreasonably refuses to extend

11  that principle to a new context where it should apply." *Williams v. Taylor*, 529

12  U.S. 362, 407, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).

13    "In order for a federal court to find a state court's application of [Supreme

14  Court] precedent 'unreasonable,' the state court's decision must have been more

15  than incorrect or erroneous." *Wiggins v. Smith*, 539 U.S. 510, 520-21, 123 S. Ct.

16  2527, 156 L. Ed. 2d 471 (2003) (citation omitted). "The state court's application

17  must have been 'objectively unreasonable.'" *Id.* (citation omitted); *see also Clark*

18  *v. Murphy*, 331 F.3d 1062, 1068 (9th Cir.), *cert. denied*, 540 U.S. 968 (2003).

19    "[S]tate court factual findings are presumed correct in the absence of clear

20  and convincing evidence to the contrary." *Mitleider v. Hall*, 391 F.3d 1039, 1046

21  (9th Cir. 2004); *see also Miller-El v. Cockrell*, 537 U.S. 322, 340, 123 S. Ct. 1029,

22  154 L. Ed. 2d 931 (2003) ("Factual determinations by state courts are presumed

23  correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a

24  decision adjudicated on the merits in a state court and based on a factual

25  determination will not be overturned on factual grounds unless objectively

26  unreasonable in light of the evidence presented in the state-court proceeding, §

27  2254(d)(2).").

28  ///

4

1    In applying these standards, this Court looks to the last reasoned State

2  court decision. *Davis v. Grigas*, 443 F.3d 1155, 1158 (9th Cir. 2006).  To the

3  extent no such reasoned opinion exists, as when a state court rejected a claim in

4  an unreasoned order, this Court must conduct an independent review to

5  determine whether the decisions were contrary to, or involved an unreasonable

6  application of, "clearly established" Supreme Court precedent.  *Delgado v. Lewis*,

7  223 F.3d 976, 982 (9th Cir. 2000).  If the state court declined to decide a federal

8  constitutional claim on the merits, this Court must consider that claim under a *de*

9  *novo* standard of review rather than the more deferential "independent review" of

10  unexplained decisions on the merits authorized by *Delgado*.  *Lewis v. Mayle*, 391

11  F.3d 989, 996 (9th Cir. 2004) (standard of *de novo* review applicable to claim

12  state court did not reach on the merits).

13                                            **IV.**

14                                    **DISCUSSION**

15    A claim involving only the application and/or interpretation of California law

16  is not cognizable on federal habeas review.  *See* 28 U.S.C. § 2254(a);  *Bradshaw*

17  *v. Richey*, 546 U.S. 74, 76, 126 S. Ct. 602, 604, 163 L. Ed. 2d 407 (2005) (per

18  curiam) ("[A] state court's interpretation of state law, including one announced on

19  direct appeal of the challenged conviction, binds a federal court sitting in habeas

20  corpus."); *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d

21  385 (1991) ("it is not the province of a federal habeas court to reexamine

22  state-court determinations on state-law questions"); *Smith v. Phillips*, 455 U.S.

23  209, 221, 102 S. Ct. 940, 71 L. Ed. 2d 78 (1982) ("Federal courts hold no

24  supervisory authority over state judicial proceedings and may intervene only to

25  correct wrongs of constitutional dimension."); *Langford v. Day*, 110 F.3d 1380,

26  1389 (9th Cir. 1996) ("We accept a state court's interpretation of state law, . . .

27  and alleged errors in the application of state law are not cognizable in federal

28  habeas corpus.") (citation omitted), *cert. denied*, 522 U.S. 881 (1997).

1   Before sentencing, Petitioner made a motion to strike his convictions

2   pursuant to *People v. Romero*, 13 Cal. 4th 497 (1996).[1] (Petition, Attached

3   Petition for Review at 3.) The trial court denied the *Romero* motion. (LD 8 at

4   1706-09.) The California Court of Appeal's decision, which is the last reasoned

5   decision under *Davis*, analyzed Petitioner's claim under California law. (LD 4 at

6   4-5.)

7   Petitioner contends his due process rights were violated when the trial

8   court failed to strike the prior at sentencing. (Petition at 5.) The only mention of

9   "due process" in the petition is the attached Petition for Review to the California

10  Supreme Court, which says that "on appeal, appellant contended that the trial

11  court abused its discretion, violating due process, when it denied appellant's

12  motion to strike the prior 'strike' felony conviction." (Petition, Attached Petition for

13  Review at 3.) Petitioner does not explain in what way his federal due process

14  rights were violated. *See Langford*, 110 F.3d at 1389 (a petitioner may not

15  "transform a state-law issue into a federal one merely by asserting a violation of

16  due process").

17  Petitioner thus has made no real argument here, either in his petition or in

18  his reply, that he is entitled to habeas relief because of any violation of federal

19  law or the United States Constitution. *See Brown v. Mayle*, 283 F.3d 1019, 1040

20  (9th Cir. 2002) (*Romero* claim "is not cognizable on federal habeas review"),

21  *vacated on other grounds by Mayle v. Brown*, 538 U.S. 901 (2003); *see also Ely*

22  *v. Terhune*, 125 F. Supp. 2d 403, 411 (C.D. Cal. 2000) (claim that trial court's

23  refusal to strike a prior "is not cognizable in a federal habeas proceeding"); *Lacy*

24  *v. Lewis*, 123 F. Supp. 2d 533, 551 (C.D. Cal. 2000) (same). Because

25  Petitioner's only real challenge is to the California court's interpretation and

26

27   [1]   In *Romero*, the California Supreme Court held that Penal Code § 1385

28  permits a court to strike prior felony conviction allegations "in furtherance of justice." *Id.* at 529-30.

1  application of state law, Petitioner fails to state a claim cognizable under federal
2  habeas review.

3                                    **V.**

4                          **RECOMMENDATION**

5        For the reasons discussed above, it is recommended that the District Court
6  issue an Order (1) adopting this Report and Recommendation; and (2) directing
7  that judgment be entered denying the Petition.

8

9

10  DATED: November 29, 2007

ALICIA G. ROSENBERG
United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    7

## NOTICE

Reports and Recommendations are not appealable to the Court of Appeals, but are subject to the right of any party to file Objections as provided in the Local Rules Governing Duties of Magistrate Judges, and review by the District Judge whose initials appear in the docket number.  No Notice of Appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the Judgment of the District Court.